```
                                                                    FILED
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MONTANA                                   JUN 09 2016
           BUTTE DIVISION
                                                              Clerk, U S District Court
                                                                District Of Montana
                                                                    Missoula
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CR 12–06–BU–DLC–02 |
| Plaintiff, | |
| vs. | ORDER |
| STEPHANIE GIBSON, | |
| Defendant. | |

Before the Court is Defendant Stephanie Gibson's[1] ("Gibson") unopposed motion for early termination of supervised release. Gibson's four-year term of supervision expires on November 9, 2016. She represents—in what the Court acknowledges is a very well-written, cogent pro se motion—that she has had no issues whatsoever while on supervision, has completed all obligations associated with her sentence, has maintained steady and successful employment in the form of her own accounting business, and is "ready to move on from this unfortunate and regrettable period of her life." (Doc. 155 at 8.) Both Gibson's United States Probation Officer and the government concur that termination of supervision is

---

1. At the time of her conviction, Defendant went by Stephanie Gibson Leibenguth.

appropriate in this instance.

Federal law provides that a "court may, after considering the factors set forth in [18 U.S.C. § 3553(a),] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Here, the Court finds that Gibson's conduct during her term of supervision and the interest of justice warrant granting the motion. Gibson has, by all accounts, been a model supervisee. She has fully complied with her conditions of supervision, has nurtured a thriving professional business, and, while recognizing the gravity of her criminal offense, has come to the point where her federal conviction is best left in the past. It is the Court's view—and that of the United States Probation Office—that resources are better spent elsewhere than in support of supervising a fully compliant, non-violent defendant. Moreover, justice is best served by ensuring Gibson's success going forward.

Accordingly, IT IS ORDERED that Gibson's motion for early termination of supervised release (Doc. 155) is GRANTED. The term of supervised release imposed by the Court on November 9, 2012 is TERMINATED as of the date of this order. Gibson's sentence in this matter is hereby DISCHARGED.

DATED this 9th day of June, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court